**FRIENDS OF THE EARTH, et al., Plaintiffs,**

v.

**U.S. FOREST SERVICE and AMERICAN FOREST & PAPER ASSOCIATION, Defendants**

**No. 2:98–CV–410.**

United States District Court, D. Vermont.

Sept. 1, 2000.

Steven Sugarman, Sante Fe, NM, Brian Scott Dunkiel, Burlington, VT, for Plaintiffs.

Joseph Robert Perella, Asst. U.S. Atty., Office of the United States Attorney, District of Vermont, Burlington, VT, J. Michael Klise, Crowell & Moring, Washington, DC, W. John McNally, III, Hanover, NH, for Defendants.

### OPINION and ORDER

SESSIONS, District Judge.

Plaintiffs Friends of the Earth ("Friends") sued the United States Forest Service ("The Forest Service," "USFS") in federal court alleging that several timber sales on National Forest Land fail to comply with the Rangeland Renewable Resources Planning Act of 1974 ("RPA"), the Multiple–Use Sustained–Yield Act of 1960 ("MUSYA"), the National Forest Management Act ("NFMA"), the National Environmental Policy Act ("NEPA"), the Global Climate Change Act ("GCCPA"), the Administrative Procedures Act ("APA"), and Forest Service Rules and Regulations. Specifically, Friends' complaint argues that USFS fails to take into account the full spectrum of social and economic costs and benefits associated with National Forest land and resource management in determining whether to permit logging on National Forest land, and that such a failure violates the above statues, regulations, and rules.

The Forest Service moved for summary judgment (paper 54) on the grounds that this Court lacked jurisdiction due to Friends' failure to exhaust administrative remedies prior to filing suit. In an Opinion and Order dated May 11, 2000 (paper 84) this Court found that while it appeared that Friends may have sufficiently exhausted administrative remedies, the phrasing of the questions by Friends in the administrative appeal was inartful, which lead to partial and inadequate answers by USFS. The Court found that a remand would present the Forest Service with a more effective opportunity to respond to the allegations at the administrative level, and clarify these matters for the Court. Thus, the Court denied the Motion for Summary Judgment and remanded the matter to the Forest Service for clarification on their position regarding whether an expansive cost-benefit analysis was required prior to determining whether logging was appropriate in the National Forest.

The Forest Service has moved this Court to reconsider its May 11 Opinion and Order on the grounds that the Court had not been fully informed of the limited scope of arguments made by Friends in its administrative appeal below. For the following reasons, the Motion for Reconsideration (paper 85) is granted. Upon further review, USFS' Motion for Summary Judgment (paper 37) is granted.

### I. Factual Background

The underlying facts in this case are set forth fully in this Court's May 11, 2000 Opinion and Order. Accordingly, familiarity with the facts is assumed.

### II. Standards

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Alexander & Alexander*

*Services, Inc. v. These Certain Underwriters at Lloyd's, London, England,* 136 F.3d 82, 86 (2d Cir.1998) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The movant bears the burden of showing that no genuine issue of material fact exists. *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d. Cir.1994) (citing *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975)). All ambiguities must be resolved and all inferences from the facts drawn in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In sum, "[t]he court must draw all reasonable inference in favor of the non-moving party and only grant summary judgment for the moving party if no reasonable trier of fact could find in favor of the non-moving party." *Vermont Gas Systems, Inc. v. United States Fid. & Guar. Co.,* 805 F.Supp. 227, 231 (D.Vt.1992) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

### III. Discussion

On May 11, 2000, this Court ruled that the issues raised by Friends during the administrative process sufficiently placed USFS on notice of the claims ultimately raised in the federal complaint. In coming to this conclusion, the Court relied on specific language from the administrative record, and found that "The Utley Brook appeal record shows that Friends 'specifically requested the Forest Service to itemize each of the benefits and demonstrate the public interest in the expense and disclose to the public all costs and benefits associated with proposed activities [. . .].' " *Friends of the Earth v. U.S. Forest Service,* 95 F.Supp.2d 206, 210 (D.Vt.2000).

This Court also observed, however, that Friends had not chosen the clearest articulation of its arguments in the administrative appeal, making it difficult for USFS to respond fully to Friends allegations. In its Motion for Summary Judgment, USFS characterized this inartful pleading as failure to exhaust administrative remedies. In the May 11 Opinion and Order, the Court fashioned an equitable remedy by remanding the matter to USFS for further clarification on its answers to Friends allegations, with the instruction that Friends rearticulate their arguments so that USFS could address them without further confusion.

The Forest Service submitted the instant Motion for Reconsideration, in which they reiterate and expand their arguments that the administrative record shows no signs of exhaustion of the claims brought before this Court in Friends' Amended Complaint. They focus upon the specific language used by the Court to support its conclusion that Friends raised the relevant issues at the administrative level by putting those statements in a broad context. The Forest Service argues that remand is unnecessary because the language cited by the court, when read in its proper context, is far too narrow to warrant the conclusion that Friends posed questions at the administrative level that adequately relate to the federal complaint, particularly with regard to the many statutes and logging sites raised in the complaint.

In its response to USFS' motion, Friends agreed that no remand was necessary in order to determine the issues before the Court. Specifically, they claim that the matter is a "pure legal question" which is ripe for review and requires no further development below. They further argue that despite failing to specifically mention all opposed logging sites, and all statutes raised in the federal complaint, they fully exhausted administrative remedies by raising issues sufficiently similar to those in the federal complaint.

As it is now the wish of both parties to dispense with the remand, this Court hereby rescinds the May 11, 2000 Order that Friends rearticulate its allegations at the administrative level so that USFS may fully answer them on remand. Without such remand, however, Plaintiffs now lack the capacity to meet the requirements of exhaustion of administrative remedies.

■ It is axiomatic that federal courts lack jurisdiction where plaintiffs have failed to exhaust their administrative remedies. *Skubel v. Fuoroli,* 113 F.3d 330, 334 (2d Cir.1997). The Supreme Court has asserted several reasons for requiring administrative exhaustion, including to "(1) avoid 'premature interruption of the administrative process,' (2) allow the agency to 'develop the necessary factual background,' (3) give the agency the 'first chance' to exercise its discretion, (4) properly defer to the agency's expertise, (5) provide the agency with an opportunity 'to discover and correct it own errors,' and (6) deter the 'deliberate flouting of the administrative process.'" *Kleissler v. United States Forest Service,* 183 F.3d 196, 201 (3d Cir.1999), citing *McKart v. United States,* 395 U.S. 185, 194–195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). The Forest Service regulations provide conditions for the administrative appeals process, requiring that an appeal must, *inter alia,*

> (4) identify the specific changes in the decision that the appellant seeks or portion of the decision to which the appellant objects; (5) state how the Responsible Official's decision fails to consider comments previously provided, either before or during the comment period specified in § 215.6 and, if applicable, how the appellant believes the decision violates law, regulation, or policy.

36 C.F.R. § 215.14

In *Kleissler v. United States Forest Service,* 183 F.3d 196 (3d Cir.1999) the Third Circuit found that appellants had not exhausted their administrative remedies prior to filing in federal court. That Court held "that the claims raised at the administrative appeal and in the federal complaint must be so similar that the district court can ascertain that the agency was on notice of, and had an opportunity to consider and decide, the same claims raised in federal court." *Id.* at 202. While *Kleissler* does not require that the administrative appeal raise identical issues to those raised in the federal complaint, the administrative record in the present case did not put the Forest Service on notice of claims suffi-

ciently similar to the allegations in the amended complaint.

■ The Utley Brook appeal record shows that Friends "specifically requested the Forest Service to itemize each of the benefits and demonstrate the public interest in the expense and disclose to the public all costs and benefits associated with the proposed activities [ . . . ]." However broad this request may initially appear, it is listed under the heading "NEPA violations" and makes no mention of the myriad other statutory violations alleged in the federal complaint.

Moreover, this sentence, when read in context, requests a rather narrow cost benefit analysis. The preceding sentence states that the "Forest Plan says that timber will be sold below cost only where public benefits outweigh the expense." This sentence makes clear that Friends was arguing in their Utley Brook Notice of Appeal that Utley Brook was a below cost sale and that the Forest Service therefore must find that "public benefits outweigh the expense." Therefore, despite this Court's interpretation in the May 11 Opinion and Order, it was not a request to perform the broad based analysis requested in the federal complaint.

In addition, a discussion of costs and benefits is entirely lacking from the Kelly-Sunderland appeal. In order for the allegations at the administrative level to have been sufficiently similar to those argued in the federal complaint such that USFS was on notice of those claims, Friends was required to name, at the administrative level, each project it opposed as well as each statute the project allegedly violated. Having failed to do this, Friends did not show "how [it] believes the decision violates law, regulation, or policy" as required at the administrative appeal process by 36 C.F.R. § 215.14. Thus, Plaintiffs failed to meet exhaustion requirements before filing suit in federal court, rendering this Court unable to preside over their claims due to lack of jurisdiction. Summary judgment,

therefore, is granted in favor of Defendants.

### IV. Order

In light of the preceding analysis and the precedent cited therein, the Court's Memorandum and Order of May 11, 2000 was erroneous. Upon further review, Defendant's Motion to Reconsider (paper 84) is GRANTED, and Defendant's Motion for Summary Judgment (paper 54) is GRANTED. Plaintiffs' Motion to Enter Admission of Defendant (paper 91), Plaintiffs' Motion to Compel and Answer (paper 91), Defendant's Renewed Motion to Strike Certain Allegations (paper 92), and Defendant's Renewed Motion to Strike Plaintiffs' Statement of Undisputed Facts and Exhibits (paper 98) are DENIED as moot. CASE CLOSED.